Case 3:14-cr-00049-RLY-CMM   Document 260   Filed 10/30/24   Page 1 of 4 PageID #: 1045

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 3:14-cr-49-4 |
| Eva Buck | ) |
| | ) USM No: 12576-028 |
| Date of Original Judgment: 11/4/2016 | ) |
| Date of Previous Amended Judgment: N/A | ) Pro se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  11/04/2016  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  10/30/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge

A CERTIFIED TRUE COPY
Kristine L. Seufert
U.S. District Court
Southern District of Indiana
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cr-00049-RLY-CMM |
| | ) | |
| EVA BUCK, | ) | -04 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Eva Buck moves to reduce her 240-month sentence under 18 U.S.C. § 3582, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (Filing No. 253). For the reasons set forth below, the court **DENIES** Buck's motion.

**I.    Background**

Buck pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of a substance containing methamphetamine. (Filing No. 126, Judgment). Buck was assessed an offense level of 37. (Filing No. 120, Presentence Investigation Report ¶ 37). Her criminal history score was 13. (*Id.* ¶ 58). She did not receive any status points for committing the offense while under a criminal justice sentence. (*See id.*). Her criminal history score of 13 placed her in criminal history category VI. (*Id.*). The resulting guidelines range was 360 months to life. (*Id.* ¶ 102). The court ultimately sentenced Buck to 240 months' imprisonment. (Judgment).

1

## II. Legal Standard

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the 18 U.S.C. § 3553(a) statutory factors in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## III. Discussion

Buck requests that the court reduce her sentence pursuant to Amendment 821, Part A.

Part A of Amendment 821 reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point, if the defendant received seven or more criminal history points, or zero points, if the defendant received six or fewer criminal history points. U.S.S.G. § 4A1.1(e). However, Buck received no status points. (*See* Presentence Investigation Report ¶ 58). As such, Part A does not reduce her criminal history points or the resulting guidelines range. Buck is therefore not eligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

Because a sentence reduction is not allowed under the circumstances, the court does not reach the 18 U.S.C. § 3553(a) factors. Buck's 240-month term of imprisonment remains as imposed at sentencing.

## IV. Conclusion

Buck's Motion for Sentence Reduction (Filing No. 253) is **DENIED**.

**IT IS SO ORDERED** this 30th day of October 2024.

                                               _____
                                               RICHARD L. YOUNG, JUDGE
                                               United States District Court
                                               Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Eva Buck
Reg. No. 12576-028
Greenville FPC
P.O. Box 6000
Greenville, Illinois 62246